**KAZEROUNI LAW GROUP, APC**
David McGlothlin, Esq. (SBN: 306499)
david@kazlg.com
2633 E Indian School Rd
Ste 460, Phoenix
AZ 85016-6798

**KAZEROUNI LAW GROUP, APC**
Darrion Jackson-Laws, Esq. (SBN: 333196)
darrion@kazlg.com
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*
Paul Gulati

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL GULATI,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC D/B/A ERC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **The Fair Debt Collection Practices Act, 15 U.S.C. 1692** *et seq.***; and**<br>(2) **The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788,** *et seq.*<br><br>**Jury Trial Demanded** |

COMPLAINT                                                                 *Gulati v. Enhanced Recovery Company, LLC d/b/a ERC*

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has similarly determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Paul Gulati ("Plaintiff"), through his attorneys, brings this Complaint against Enhanced Recovery Company, LLC d/b/a ERC. ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

7. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

8. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

9. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

12. This Court has personal jurisdiction over Defendant because Defendant regularly collects debts in California on behalf of its creditor clients. Further, as illustrated below, Defendant directed its unlawful collection practices at Plaintiff in Murrieta, California.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial

district at all times relevant.

## PARTIES & DEFINITIONS

14. Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692 *et seq*. and California Civil Code § 1788.2(h). Plaintiff is also a resident of Riverside County in the State of California.

15. Defendant is, and at all times mentioned herein, was a Limited Liability Company headquartered in Jacksonville, Florida. Defendant is authorized to and regularly conducts business within the State of California.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17. This matter involves a "consumer credit transaction" i.e. a transaction between Plaintiff and Defendant (or its predecessor), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

19. Sometime prior to October 8, 2020, Plaintiff is alleged to have incurred certain financial obligations owed to Synchrony Bank/Amazon.com Store Card. which were allegedly sold to Defendant for collection purposes (the "Debt").

20. These allegedly incurred financial obligations were money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(f).

21. Plaintiff retained a law firm, Kazerouni Law Group, in order to dispute the Debt.

22. Plaintiff's attorneys sent by mail, email, and facsimile a cease-and-desist letter to Defendant on October 8, 2020, specifically directing Defendant only to contact Plaintiff's attorneys in relation to the Debt, and to cease all communications to Plaintiff. The letter also stipulated that if any prior consent existed for Defendant to contact Plaintiff personally, it was thereby revoked. The letter clearly indicated an address and telephone number which Defendant could use to reach Plaintiff's attorneys. Finally, the letter informed Defendant that Plaintiff disputed the amount of the debt and the validity of Defendant's claims that Plaintiff owed the Debt.

23. On November 16, 2020 at approximately 9:22 A.M., Plaintiff received a telephone call from the number (800) 882-0699.

24. On information and belief, the telephone number (800) 882-0699 belongs to Defendant.

25. Defendant called Plaintiff in furtherance of its effort to collect upon the Debt, despite specifically being instructed in the October 8, 2020 cease and desist letter to only contact Plaintiff through counsel.

26. This telephone call was placed in blatant disregard for the cease-and-desist letter Plaintiff's attorneys had faxed to Defendant over one month prior.

27. Plaintiff was frustrated when he received the November 16, 2020 telephone call because he was under the impression that Defendant was not entitled to contact him directly.

28. Further, Plaintiff had already retained an attorney to represent him with regard to his debts and set his expectation that he would no longer be hounded by debt collectors.

29. Defendant used harassing means and placed a telephone call directly to Plaintiff, when Defendant was lawfully only to contact Plaintiff through his attorneys.

30. As a result of Defendant's actions, Plaintiff experienced stress, frustration, and mental anguish.

## 15 U.S.C. § 1692c

31. The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692c, which states:

> without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt- … (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address" 15 U.S.C. § 1692c(a)(2).

32. Defendant was made aware by Plaintiff's attorneys on October 8, 2020 that Plaintiff was represented by counsel, that Defendant was not authorized to communicate with Plaintiff in relation to the Debt or any other matter, and that any prior consent which may have existed was revoked. The October 8, 2020 letter clearly indicated the name, telephone number, and address of Plaintiff's attorneys.

33. Defendant then placed a telephone call, dated November 16, 2020 in violation of the cease and desist letter, after Defendant became aware that Plaintiff was represented by counsel,

34. Therefore, Defendant violated 15 U.S.C. § 1692c(a)(2).

35. Because the Rosenthal Act incorporates the relevant section of the FDCPA, for the above reasons, Defendant violated 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §1788.17.

## CAUSES OF ACTION

### Count I

### Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692 *et seq.*

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count II

### Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

### Cal. Civ. Code §§ 1788-1788.32

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

40. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

41. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00

pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## SECOND CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

//
//

**DEMAND FOR JURY TRIAL**

42. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

                 **KAZEROUNI LAW GROUP, APC**

Date: August 3, 2021        By: *s/ Darrion Jackson-Laws*
                 Darrion Jackson-Laws, Esq.
                 *Attorneys for Plaintiff*